UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLOBAL PARTS DISTRIBUTORS, LLC,           )
an Oklahoma limited liability corporation,    )
                                               )
                    Plaintiff,                 )          Case No.: _____
                                               )
          vs.                                  )
                                               )
ACP OF FLORIDA, LLC,                          )
d/b/a COOLING PARTS SOUTHEAST,                )
                                               )
                    Defendant.                 )

## COMPLAINT

Plaintiff, Global Parts Distributors, LLC ("Global"), for its Complaint states as follows:

### THE PARTIES

1.     Global is an Oklahoma limited liability corporation located at 900 West Main Street, Oklahoma City, Oklahoma 73106.

2.     Defendant, ACP of Florida, LLC, d/b/a Cooling Parts Southeast ("ACP"), is a Florida corporation with its principal place of business at 121-A E. Morse Blvd., Winter Park, Florida 32789, and a location in Sarasota, Florida.

### JURISDICTION AND VENUE

3.     This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because Global is not a citizen of the same state as ACP and there is more than $75,000 in controversy, exclusive of interest and costs.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(2) because a substantial part of the events or omissions giving rise to Global's claim occurred in this jurisdiction.

5.     This Court has jurisdiction over ACP because ACP is located in this jurisdiction and the events giving rise to the claims in this Complaint occurred within this jurisdiction.

6.     Global sold and delivered goods to ACP in Sarasota, Florida.

## BACKGROUND FACTS

7.     This case involves the sale of product from Global to ACP, and ACP's failure to pay for the product.

8.     Global provided air conditioning products and goods to ACP pursuant to numerous purchase orders and related invoices (the "Agreements").  True and correct copies of the invoices are attached hereto as Exhibit "A."

9.     Each invoice is subject of Global's terms and conditions, which are on the back of each invoice.  The terms and conditions are the first document of Exhibit A.

10.    Pursuant to the Agreements, Global agreed to provide air conditioning parts (the "Goods") to ACP and ACP agreed to pay Global for such Goods on or before the 15th of the month following each purchase.

11.    Between approximately March 30, 2006, and December 21, 2007, ACP purchased Goods from Global.

12.    ACP has failed to pay Global for all amounts due and owing for the Product, and a principal balance of $122,833.88 exclusive of interest, costs and

attorneys' fees remains outstanding as January 28, 2008.  See Accounting, attached as Exhibit "B."

13.    Per the Agreements between the parties, interest at a rate of 18% per annum accrues on all unpaid accounts.  See Exhibit "A".  As of January 28, 2008, there is accrued interest of $17,840.57.  See Exhibit "B".  The Agreements also provide that ACP shall pay all of Global's attorneys' fees and costs incurred in connection with the unpaid balance.  See Exhibit "A".

14.    Despite Global's repeated demands for payment, ACP has not paid Global for the Goods pursuant to the outstanding invoices.

15.    Global has engaged the undersigned counsel to prosecute the claims herein and Global is obligated to pay such counsel a reasonable attorney fee for services rendered.  ACP is obligated to pay there fees pursuant to § 57.105, Fla. Stat., and the Agreements.

16.    All conditions precedent to maintain this action have been performed, fulfilled or waived.

## COUNT I
### Breach of Contract

17.    Global hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

18.    Global and ACP entered into Agreements wherein Global agreed to provide Goods to ACP and ACP agreed to pay Global for such Goods.

19.    Between March 30, 2006 and December 21, 2007, ACP purchased Goods from Global.

20.    Global sent and ACP received statements of its account reflecting the Goods provided and the amount due and owing on the account.

21.    ACP has failed to pay Global for all amounts due and owing.  ACP owes a principal balance of $122,833.88 as of January 28, 2008, plus interest of $17,840.57, attorneys fees and costs.

22.    ACP's failure to pay Global the amounts due and owing constitutes a material breach of the Agreements.

23.    As direct and proximate cause of ACP's breach, Global has suffered damages which include, but are not limited to, a principal balance of $122,833.88, plus interest of $17,840.57, attorneys' fees and costs.

WHEREFORE, Global prays that this Court enter judgment in its favor and against ACP in the amount of at least $122,833.88, plus interest, costs and Plaintiff's attorneys' fees, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II
### Open Account

24.    Global hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth fully herein.

25.    Between March 30, 2006 and December 21, 2007, ACP purchased Goods from Global on account.

26.    Global has rendered statements of account to ACP, including invoices to ACP reflecting Goods provided and the amounts due and owing on the account.  See Exhibit "A".

27.    Global's charges to ACP for the Goods were reasonable.

28.     ACP has failed to pay all amounts due and owing to Global, and a principal balance of $122,833.88, plus interest of $17,840.57 remains outstanding as of January 28, 2008.

29.     Despite Global's repeated demands for payment, ACP has not paid for the Goods.

30.     ACP's failure to pay Global the principal balance of $122,833.88, plus interest due and owing on the account has caused damages to Global.

WHEREFORE, Global prays that this Court enter judgment in its favor and against ACP in the amount of at least $122,833.88, plus interest, costs and Plaintiff's attorneys' fees, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III
### Goods Sold

31.     Global hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

32.     Before the institution of this action, Global sold the Goods to ACP between March 30, 2006 and December 21, 2007 and ACP agreed to the resulting balance.

33.     As of January 28, 2008, ACP owes Global the principal balance of $122,833.88, plus interest of $17,840.57, for Goods sold to ACP by Global between March 30, 2006 and December 21, 2007. See Exhibit "B".

WHEREFORE, Global prays that this Court enter judgment in its favor and against ACP in the amount of at least $122,833.88, plus interest, costs and Plaintiff's attorneys' fees, and for such other and further relief as this Court deems just and proper under the circumstances.

5

## COUNT IV
**Unjust Enrichment**

34.    Global hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

35.    Global provided Goods to ACP.

36.    ACP accepted and retained that benefit of the Goods under circumstances that make it inequitable for ACP to retain without paying the value thereof.

37.    ACP has failed to pay Global the monies owed, and unjustly enriched itself at the expense of Global.

38.    Global is entitled to recover the reasonable value of the Goods provided to ACP.

39.    The reasonable value of the Goods provided to ACP by Global is at least $122,833.88, plus interest, costs and reasonable attorneys' fees.

WHEREFORE, Global prays that this Court enter judgment in its favor and against ACP in the amount of at least $122,833.88, plus interest, costs and Plaintiff's attorneys' fees, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT V
**Quantum Meruit**

40.    Global hereby incorporates by reference the preceding paragraphs of this Complaint as if set forth in full herein.

41.    ACP is liable to Global under the theory of quantum meruit.

42.    As set forth above, in connection with the provision of Goods, Global conferred benefits upon ACP.

43.    Global did not provide its Goods gratuitously, but rather, provided its Goods and services with an expectation of compensation.

44.    ACP accepted and retained the Goods Global provided and appreciated the benefits thereof.

45.    ACP understood and appreciated that Global was providing goods with and expectation of payment.

46.    ACP's retention of Global's Goods without payment is inequitable.

47.    The reasonable value of the Goods provided to ACP by Global is at least $122,833.88, plus interest, costs and reasonable attorneys' fees.

WHEREFORE, Global prays that this Court enter judgment in its favor and against ACP in the amount of at least $122,833.88, plus interest, costs and Plaintiff's attorneys' fees, and for such other and further relief as this Court deems just and proper under the circumstances.

FOWLER WHITE BOGGS BANKER P.A.
P.O. Box 1438
Tampa, FL 33601
(813) 228-7411
Fax No: (813) 229-8313
Email: kappleby@fowlerwhite.com

By: _____
Donald R. Kirk
Florida Bar No. 0105767
Keith T. Appleby
Florida Bar No: 0011028

40007269v1

7